UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN H. CHAPLIN,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>　　　　Defendant(s). | Case No. 2:17-cv-01686-APG-NJK<br><br>**REPORT AND RECOMMENDATION** |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 24. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 27, 28. Plaintiff filed a reply. Docket No. 29. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.     STANDARDS**

　　A.     Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court

of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.    Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224

does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 416.920(d), 416.925, 416.926.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made. 20 C.F.R. § 416.920(d).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 416.920(e).  The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 416.929; SSRs 96-4p, 96-7p.[1]  To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927.

---

(9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

[1] SSR 96-7p has been superseded by SSR 16-3p, which became effective after the ALJ's decision in this case.

4

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   BACKGROUND

### A.   Procedural History

On October 8, 2013, Plaintiff filed an application for supplemental security income alleging that he became disabled on March 1, 2002. *See, e.g.*, Administrative Record ("A.R.") 142-49.[2] Plaintiff's claim was denied initially on March 13, 2014, and upon reconsideration on August 5, 2014. A.R. 76-79, 91-93. On September 23, 2014, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 94-96. On January 4, 2016, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ T. Patrick Hannon. *See* A.R. 35-51. On January 27, 2016, the ALJ issued an unfavorable decision finding

---

[2] Plaintiff later amended the onset date to October 8, 2013. *See* A.R. 41.

that Plaintiff had not been under a disability, as defined by the Social Security Act, since the date the application was filed. A.R. 18-34. On April 17, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-6.

On June 16, 2017, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

B.  The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. A.R. 21-29. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 8, 2013. A.R. 23. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbosacral spine with radiculopathy, status post surgery for a lumbar laminectomy and fusion at L4-L5 in 1992. A.R. 23. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 24. The ALJ found that Plaintiff has the residual functional capacity to perform

> Medium work as defined in 20 C.F.R. 416.967(c) with some exceptions. He can lift, carry, push, and/or pull 50 pounds occasionally and 25 pounds frequently; stand and/or walk for about six hours in an eight-hour workday; and sit for about six hours in an eight-hour workday, with standard breaks. The claimant can climb ramps, stairs, ladders, ropes, and/or scaffolds on no more than an occasional basis.

A.R. 24-28. At step four, the ALJ found Plaintiff is incapable of performing his past relevant work. A.R. 28. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity. A.R. 28-29. In doing so, the ALJ defined Plaintiff as an individual closely approaching retirement age at the time of the alleged disability onset date with limited education and able to communicate in English. A.R. 28. The ALJ found that Plaintiff had acquired work skills from past relevant work. A.R. 28. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that

an individual with the same residual functional capacity and vocational factors could perform work as a dishwasher and laundry worker. A.R. 28-29.

Based on all of these findings, the ALJ found Plaintiff not disabled and denied the application for supplemental security income. A.R. 29.

**III. ANALYSIS AND FINDINGS**

Nurse practitioner Maria Demavivas opined that Plaintiff suffered from significant limitations, including being unable to lift over 20 pounds or to stand or walk for extended periods. A.R. 353-54. Examining physician Dr. Zev Lagstein opined that Plaintiff exhibits less limitation, including that he is able to lift 50 pounds occasionally, lift 25 pounds frequently, and sit, stand, and walk for six hours in a workday with standard breaks. A.R. 357. The sole issue on appeal is whether the ALJ improperly rejected the opinion of Ms. Demavivas in favor of the opinion of Dr. Lagstein. The undersigned finds no error in the ALJ's treatment of these competing opinions.

A nurse practitioner is not considered an "acceptable medical source," but rather is considered an "other source." *See, e.g.*, *Revels v. Berryhill*, 874 F.3d 648, 665 (9th Cir. 2017). As such, a nurse practitioner's opinion may be rejected for germane reasons. *See, e.g.*, *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017). Inconsistency with medical evidence is a sufficiently germane reason for rejecting an opinion. *See, e.g.*, *Bennett v. Colvin*, 202 F. Supp. 3d 1119, 1135 (N.D. Cal. 2016) (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) and *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).

In this case, the ALJ gave the opinion of Ms. Demavivas little weight because it was inconsistent with the medical evidence in the record. A.R. 26. The ALJ specifically noted the then-recent medical records from Health Care Partners Medical Group. *See* A.R. 26. Among other findings in these records, Plaintiff was noted as exhibiting a normal range of motion, intact gait, normal station, normal respiratory effort, and full strength in all extremities. A.R. 704.[3] Plaintiff makes no effort on appeal to reconcile these findings with Ms. Demavivas' opinion that Plaintiff

---

[3] These findings were consistent with those made by Dr. Lagstein. *See* A.R. 361. While Plaintiff implicitly challenges the validity of Dr. Lagstein's opinion based on later x-rays, *see* Docket No. 24 at 8, the undersigned is not persuaded that the ALJ erred in relying on Dr. Lagstein's opinion based on his personal examination of Plaintiff.

7

had significant limitations in lifting, walking and standing.  These records provide substantial evidence supporting the ALJ's finding that the opinion of Ms. Demavivas was inconsistent with the medical record.

In short, the ALJ provided a legally sound reason that was supported by substantial evidence in rejecting the opinion of Ms. Demavivas.

**IV.   CONCLUSION**

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion.  Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the undersigned finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ did not commit legal error.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 24) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 27) be **GRANTED**.

Dated: May 22, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).